IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND )
ETHICS IN WASHINGTON )
409 7th Street, N.W., )
Suite 300 )
Washington, D.C. 20004, )
)
      Plaintiff, )
)
v. ) Civil Action No.
)
**U.S. Environmental Protection Agency** )
1200 Pennsylvania Avenue, N.W. )
Washington, D.C. 20460, )
)
      Defendant, )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Environmental Protection Agency ("EPA") to disclose to CREW, on an expedited basis, records related to EPA's proposal to decrease the amount of renewable fuel required to be blended into transportation fuel supplies in the 2014 Renewable Fuel Standards ("RFS").

2. This case seeks declaratory relief that EPA is in violation of the FOIA, 5. U.S.C. § 552(a)(6)(E)(i), by denying plaintiff's expedited request for records within the meaning of the FOIA and by failing to provide CREW with all responsive records, and injunctive relief ordering the defendant EPA to process and release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201(a) and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan corporation organized under section 501(c)(3) of the Tax Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW is harmed by defendant's failure to process CREW's FOIA request on an expedited basis and release to CREW all non-exempt responsive records because that failure hampers CREW's ability to satisfy the compelling public need for full, accurate, and current information in light of the significant public interest in the 2014 RFS rule. Absent this critical information, CREW cannot advance its mission of educating the public to ensure it continues to have a vital voice in government.

6. Defendant EPA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. EPA is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

## FACTUAL BACKGROUND

7. Each year EPA sets the RFS for how much renewable fuel must be blended into transportation fuel supplies. The renewable fuel standards are one of EPA's most important tools for promoting clean air. In November 2013, through the 2014 RFS, EPA proposed to decrease the amount of renewable fuel required to be blended into transportation fuel supplies.

8. This was the first time since the RFS was established that EPA proposed to decrease the amount of renewable fuels that must be used. According to news reports, the proposed standards were influenced substantially by the Carlyle Group ("Carlyle") and Delta Air Lines ("Delta"), both of which pressed lawmakers, White House officials, and regulators to change the standards.

9. As reported in July 2013, a Carlyle executive contacted Rep. Robert Brady (D-PA), in whose district two Carlyle-owned refineries are located. Rep. Brady then contacted Vice President Joseph R. Biden on Carlyle's behalf, explaining the rising mandates would harm the refineries and threaten jobs. Rep. Brady told a reporter Vice President Biden agreed the problem had to be fixed and then stated, "And we fixed it."

10. Rep. Patrick Meehan (R-PA) similarly lobbied White House officials on behalf of Delta, hand-delivering a letter to the then-Director of the National Economic Council, Gene Sperling, and raising the issue with White House Chief of Staff Denis McDonough.

11. Responding to this industry pressure, EPA has delayed issuing the 2014 RFS, which were initially expected to be issued over a year ago. In fact, at this point, it appears issuance of the 2014 RFS may overlap with EPA's issuance of the 2015 RFS.

12. This year-long delay also appears to have been caused in part by politics, specifically the upcoming midterm elections and an effort to avoid political fallout from the updated RFS,

which sides with big oil against the biofuel industry. Senator Edward J. Markey (D-MA) and Senator Barbara Boxer (D-CA) explained in an October 8, 2014 letter to President Obama that if the proposed 2014 FRS is adopted, it will increase carbon pollution and derail efforts to attract investments critical to U.S. innovation markets. By favoring big oil over the biofuel industry, the RFS could influence the outcome of the elections in key states like Pennsylvania and in the Midwest.

13. As a result, EPA appears to have acceded to the political pressure by delaying even further the issuance of the RFS standards, which are now expected to be issued in November 2014, on the heels of the upcoming 2015 RFS standards.

14. These delays suggest EPA's process for issuing RFS standards has become politicized and tainted by outside influences placing their interests above environmental interests and further delaying the implementation of a sensible plan for biofuels.

### Plaintiff's FOIA Request and Request for Expedited Processing

15. By letter dated and delivered by facsimile on May 28, 2014, plaintiff requested under the FOIA all records from January 1, 2013 through the present related to EPA's proposal to decrease the amount of renewable fuel required to blend into transportation fuel supplies in the 2014 RFS. In addition to external and intra-agency communications, CREW's request includes, but is not limited to, correspondence, memoranda, email, and phone records with: (1) any and all other federal agencies; (2); White House individuals or offices, including but not limited to Mr. Sperling, Mr. McDonough, White House economic adviser Ronald Minsk, and any employee of the Office of Management and Budget; (3) any congressional offices, including but not limited to the offices of Rep. Brady and Rep. Meehan; and (4) any employees, representatives and/or lobbyists of Carlyle and Delta.

16. CREW also requested that EPA expedite its processing of CREW's request pursuant to 28 C.F.R. §§ 16.5(d)(1)(ii). CREW explained it is engaged primarily in the dissemination of information it gathers from a variety of sources, including the FOIA, and seeks the information requested in the FOIA request at issue for the express purpose of disseminating it to the public. CREW further explained there is a particular urgency to inform the public about the EPA's proposal to decrease the amount of renewable fuel required to be blended into transportation fuel supplies in the RFS because the value of the information will be lost if the information is not disseminated in a timely manner. Moreover, providing the critically missing information requested by CREW here will respond directly to a growing public concern with the extent to which federal agencies, including EPA, are unduly influenced by big businesses and their corporate interests.

17. In addition, by letter dated and delivered by facsimile on May 28, 2014, CREW requested that EPA grant its request for expedition pursuant to 28 C.F.R. § 16.(d)(1)(iv), in light of the widespread and exceptional media interest in this matter. As required by 28 C.F.R. § 16.5(d)(3), CREW certified that the basis for its request for expedition is true and correct to the best of its counsel's knowledge and belief.

18. In support of its request for expedition, CREW included news articles demonstrating the widespread and exceptional media and public interest in this matter.

19. By form letter dated June 13, 2014, EPA denied CREW's request for expedition, claiming CREW has not demonstrated that the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. EPA did not address at all either of the bases for CREW's request for expedited processing or any of the facts CREW provided in support of its expedition request.

20. Also by letter dated June 13, 2014, EPA granted CREW's request for a fee waiver.

21. Thereafter, EPA and CREW had a series of email exchanges and telephone conversations in an effort to narrow the scope of CREW's request. CREW agreed to narrow its request to include: (i) all documents EPA provided *Reuters* in response to *Reuters*' FOIA request, covering the calendar year 2013; (ii) communications between EPA and other government entities, including members of Congress, the White House, the office of the Vice President; and (iii) documents responsive to both the *Reuters* and CREW FOIA requests for 2014.

22. After much prompting from CREW, EPA made a first release of documents on September 26, 2014. That release covered only calendar year 2013, and included documents EPA produced in response to the *Reuters* FOIA and congressional correspondence. With respect to the remainder of CREW's request, EPA noted only that it "continue[d] to work" on it, with no promised date for completion. EPA's letter did not provide CREW with any administrative appeal rights.

23. Beyond the disclosures EPA made on September 26, 2014, EPA has failed to advise CREW what additional documents the agency plans to release, and which of the documents the agency plans to withhold, and why – the determination the FOIA requires agencies to make within 20 business days of receiving a non-expedited FOIA request. Because EPA has failed to make a determination under the FOIA on CREW's request, CREW has now exhausted all applicable administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding Of Non-Exempt Records)

24. Plaintiff repeats and re-alleges paragraphs 1-23.

25. Plaintiff properly asked for records within the custody and control of EPA.

26. Defendant EPA wrongfully withheld agency records requested by plaintiff by failing to comply with either the statutory time limit for making a determination on CREW's expedited FOIA request within the meaning of the FOIA or the statutory time limit for making a determination on non-expedited FOIA requests, and by withholding from disclosure records responsive to plaintiff's FOIA request.

27. Therefore, by failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

28. Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the expedited processing and disclosure of the requested records.

### CLAIM TWO
### (Wrongful Denial Of Expedition)

29. Plaintiff repeats and re-alleges paragraphs 1-28.

30. CREW established its entitlement to expedition of its FOIA request by demonstrating there is an urgency to inform the public about an actual or alleged federal agency activity, CREW is engaged primarily in the dissemination of information, and there exists widespread and exceptional media interest in this matter, which raises possible questions about the government's integrity that affect public confidence.

31. The failure of EPA to grant plaintiff's request for expedition under these circumstances violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(ii).

32. Plaintiff is therefore entitled to declaratory and injunctive relief directing EPA to expedite the processing of CREW's request.

## Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant EPA to complete the processing of plaintiff's May 28, 2014 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to expedited processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its cost and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann

ANNE L. WEISMANN
(D.C. Bar No. 298190)
MELANIE SLOAN
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
in Washington
409 7th Street, N.W., Suite 300
Washington, D.C. 20004
Phone: (202) 408-5565
Facsimile: (202) 588-5020
Aweismann@citizensforethics.org

October 22, 2014                    Attorneys for Plaintiff